UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON COLEMAN,

    Plaintiff,

                                              Case Nos. 2:19-cv-13106
                                              Hon. Victoria A. Roberts

v.

CITY OF DETROIT,
COUNTY OF WAYNE,
AND RAYMOND BUCCIARELLIR,

    Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE CIVIL RIGHTS COMPLAINT**

Before the Court is Plaintiff Vernon Coleman's pro se civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is an inmate incarcerated at the Federal Correctional Institution in Jesup, Georgia. He claims that Defendant Bucciarellir filed a false police report claiming that he was in possession of heroin. Plaintiff also claims that the City of Detroit and County of Wayne failed to correct Defendant Bucciarellir's illegal actions. After careful review of the complaints, the case is summarily dismissed.

**I. Complaint**

Plaintiff claims that on July 10, 2018, Defendant Detroit Metropolitan Airport Officer Bucciarellir filed a false police report stating that Plaintiff was in possession of five grams of heroin. He forwarded this information to the United States Probation Department. Plaintiff says he was arrested by the probation office and returned to prison on his federal sentence, but that the associated new criminal charges against him were dropped. Plaintiff also claims that $120,000 in cash was confiscated from him and never returned. Plaintiff claims that Defendant Bucciarellir

1

violated his constitutional rights by filing the false police report and seizing the cash. He asserts that Defendants City of Detroit and County of Wayne are liable for damages for failing to investigate and correct the illegal conduct of Defendant Bucciarellir. Plaintiff seeks over $365,000,000 in damages.

This is not Plaintiff's first civil action concerning the legality of his arrest and the seizure of his money. In *Coleman v. Bucciarellir*, Eastern District of Michigan Civil No. 19-cv-10630, Dkt. 1, Plaintiff made identical allegations against Defendant Bucciarellir. Plaintiff claimed that the officer filed false charges against him and seized money without a warrant. Plaintiff also claimed that Bucciarellir informed Plaintiff's federal probation officer Thomas Hare about the arrest, and the false evidence from the arrest was used as the basis for his two-year probation prison sentence.

A search of the Court's PACER system shows that Plaintiff originally pled guilty to conspiracy to possess with the intent to distribute at least five kilograms of a mixture and substance containing cocaine and was sentenced on January 26, 2011 in the United States District Court for the Northern District of Georgia to 87 months in prison followed by 5 years supervised release. See *United States v. Coleman*, No. 1:07-CR-233 (N.D. Ga. Jan. 25, 2019) (ECF 804). On January 25, 2019, Plaintiff's supervised release was revoked, and he was sentenced to twenty four months incarceration as a result of the incident that is the subject matter of both actions.

## II. Standard of Review

Plaintiff was granted permission to proceed without prepayment of fees. See 28 U.S.C. § 1915(a); *McGore v. Wrigglesworth*, 114 F. 3d 601, 604 (6th Cir. 1997). Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state

a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read plaintiff's pro se complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Discussion

A. Res Judicata

In *Coleman v. Bucciarellir*, Eastern District of Michigan Civil No. 19-cv-10630, Plaintiff raised the same claims—claims for filing a false report and unlawful seizure—that he raises in this case. That case was summarily dismissed under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Plaintiff had not proven that his supervised release violation was overturned or invalidated. *Id*., Dkt. 17 at 5.

The doctrine of res judicata, also called claim preclusion, means a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Res judicata is an affirmative defense, Fed. R. Civ. P. 8(c), and "[c]ourts generally lack the ability to raise an affirmative defense sua sponte." *Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 327 (6th Cir. 2013) (quoting *Hutcherson v. Lauderdale Cty.*, 326 F.3d 747, 757 (6th Cir. 2003)). The Court "may take the initiative to assert the res judicata defense sua sponte in 'special circumstances.'" *Id*. (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). One such special circumstance occurs when "a court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412. That special circumstance is present here.

Plaintiff's prior case resulted in a final judgment for failing to state a claim, and Plaintiff's new complaint fails to assert that his supervised release violation was overturned or invalidated since he filed his prior action. "The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Department Stores, Inc.*, 452 U.S. at 399 n.3. "[A] federal judgment becomes final for . . . claim preclusion purposes when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment." *Clay v. United States*, 537 U.S. 522, 527 (2003).

Because the judgment in Plaintiff's prior case is final, it operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action now before the Court. *Allen*, 449 U.S. at 94; accord *Federated Dept Stores, Inc.*, 452 U.S. at 398.

The Court makes all of these findings. Accordingly, Plaintiff's action is barred by res judicata, and this action is properly dismissed as frivolous. See, e.g., *Taylor v. Reynolds*, 22 F. App'x 537, 538-39 (6th Cir. 2001) ("A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. . . . [A] completely duplicative complaint lacks an arguable basis in law or in fact and . . . [is] properly dismissed on the basis of res judicata.");

*Murray v. Reed*, 69 F. App'x. 246, 2003 WL 21377472, at *1 (6th Cir. 2003) (affirming dismissal of claim barred by res judicata as frivolous); *Gwyddioniaid v. O'Neil*, 878 F.2d 381, 1989 WL 68601 (6th Cir. 1989) (same).

B. Defendants City of Detroit and County of Wayne

Defendants City of Detroit and County of Wayne were not parties to the prior lawsuit. To the extent res judicata does not apply to claims presented against them, the complaint is nevertheless subject to summary dismissal because those claims are also barred by *Heck* for the reasons given in the Court's opinion in the previous case, and also because the complaint does not assert that these defendants directly participated in the asserted unconstitutional conduct. See *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995).

### IV. Order

For the foregoing reasons,

this case is **SUMMARILY DISMISSED**.

Leave to appeal in forma pauperis is denied; the Court discerns no good-faith basis for an appeal. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

**IT IS ORDERED**.

    s/ Victoria A. Roberts
    Victoria A. Roberts
    United States District Court

Dated: 11/18/19